David L. Knapper
State Bar No. 010328
**LAW OFFICES OF DAVID L. KNAPPER**
1599 East Orangewood, Suite 125
Phoenix, Arizona 85020
Telephone:        (602) 252-0809
Facsimile No:    (602) 256-0432
E-Mail:              dlk@knapperlaw.com

IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| In Re<br><br>DAVID PAUL PELCIC, JR. and COLLETTE NICOLE PELCIC,<br><br>Debtors.<br><br>PENSCO TRUST COMPANY FBO ALAN K. MEYERS IRA and WENDANN PROPERTIES LLC, a Delaware limited liability company,<br><br>Secured Creditors/Movants,<br><br>v.<br><br>DAVID PAUL PELCIC, JR. and COLLETTE NICOLE PELCIC, Debtors, and EDWARD J. MANEY, Chapter 11 Trustee,<br><br>Respondents. | CHAPTER 11<br><br>CASE NO. 2:15-bk-06323-DPC<br><br>(Assigned to the Honorable Chief Judge Daniel P. Collins)<br><br><br><br>**CERTIFICATE OF SERVICE**<br><br>(Re: Real Property Located at 20437 West White Rock Road, Buckeye, Arizona 85396<br>&<br>Motion For Relief From The Automatic Stay Filed At Case Docket #55) |

State of Arizona          )
                                    ) ss.
County of Maricopa   )

DAVID L. KNAPPER, being first duly sworn upon his oath, deposes and states:

I, David L. Knapper, on behalf of my client, Secured Creditors/Movants PENSCO TRUST COMPANY FBO ALAN K. MEYERS IRA and WENDANN PROPERTIES LLC, a Delaware limited liability company (collectively "Pensco & Wendann"), I hereby certify that

on the 25th day of February 2016, in conjunction with the above-captioned Chapter 11 ("case"), I caused to be e-mailed where noted below and deposited with the United States Post Office by First Class Mail, postage prepaid, true and correct copies of certain pleadings filed in this case on the 25th day of February 2016, specifically, pleadings captioned: (i) "Stipulation For Entry Of Stipulated Order" ("Stipulation"); (ii) "Notice Of Filing Stipulation For Entry Of Stipulated Order & Bar Date To Object To Stipulated Order" ("Notice"), and (iii) a proposed "Stipulated Order" ("Order"), a true and correct copy of the Order which is attached as Attachment "A" to this Certificate, each mailed to all necessary parties, more specifically, with said mailings including, although not limited to, the above-named Debtors/Respondents, their attorney of record, and all parties disclosed in said Debtors/Respondents' List of 20 Largest Unsecured Creditors filed in this Chapter 11 at Case Docket #122, namely:

David Paul Pelcic, Jr
Collette Nicole Pelcic
Any/All Possible Additional Occupants
20437 West White Rock Road
Buckeye, Arizona 85396
nicole@pelcic.com

Thomas H. Allen
Allen Maguire & Barnes PLC
1850 North Central Ave # 1150
Phoenix, Arizona 85004
tallen@ambazlaw.com

Jennifer A. Giaimo
Office Of The U.S. Trustee
230 North First Avenue, #204
Phoenix, Arizona 85003-1706
jennifer.a.giaimo@usdoj.gov

| | |
|---|---|
| 1 | Verrado Community Association, Inc. |
| 2 | c/o Chadwick Reed, Community Operations Manager |
| 3 | 4236 North Verrado Way, Suite A200 |
| 4 | Buckeye, Arizona 85396 |
| 5 | |
| 6 | Verrado Assembly |
| 7 | c/o Todd Hornback, Director of Community Life |
| 8 | 4236 North Verrado Way, Suite A200 |
| 9 | Buckeye, Arizona 85396 |

Verrado Community Association, Inc.
c/o Carpenter Hazlewood, Delgado & Wood, PLC
Reference No. VERRADOC.0409
1400 East Southern Avenue, Suite 400
Tempe, Arizona 85282

U.S. Trustee
Office of the U.S. Trustee
230 North First Avenue
Suite 204
Phoenix, Arizona 85003

Internal Revenue Service
Centralized Insolvency
Operations
P.O. Box 7346
Philadelphia, Pennsylvania 19101-7346

BMW Financial Services NA, LLC
P.O. Box 3608
Dublin, Ohio 43016

US Dept. of Education
P.O. Box 7860
Madison, Wisconsin 53707

| | |
|---|---|
| 1 | Americredit Financial Services, Inc. |
| 2 | dba GM Financial of Arizona |
| 3 | P.O. Box 183853 |
| 4 | Arlington, Texas 76096 |
| 5 | |
| 6 | Arizona Department of Revenue |
| 7 | 1600 West Monroe Street |
| 8 | Phoenix, Arizona 85007 |
| 9 | American Infosource LP for Verizon |
| 10 | P.O. Box 248838 |
| 11 | Oklahoma City, Oklahoma 73124-8838 |
| 12 | |
| 13 | Healthcare Collections |
| 14 | P.O. Box 82910 |
| 15 | Phoenix, Arizona 85071 |
| 16 | Pacific Credit Services |
| 17 | Attn: Collections |
| 18 | P.O. Box 339 |
| 19 | Watsonville, California 95077 |
| 20 | |
| 21 | AT&T Mobility II LLC |
| 22 | % AT&T Services Atn: Karen Cavagnaro |
| 23 | One AT&T Way, Room 3A104 |
| 24 | Bedminster, New Jersey 07921 |
| 25 | Emergency Group of AZ |
| 26 | Professional Corp. |
| 27 | c/o Andrew Wold |
| 28 | 6681 Country Club Drive |
| 29 | Minneapolis, Minnesota 55427 |
| 30 | |
| 31 | Credit Consulting Services |
| 32 | 1000 Abernathy Road NE |
| 33 | Miami, Florida 33280 |
| 34 | Brennan & Clark Ltd |
| 35 | 721 East Madison Street |
| | Villa Park, Illinois 60181 |

4

Case 2:15-bk-06323-DPC    Doc 129   Filed 02/25/16   Entered 02/25/16 23:10:09   Desc
LAW OFFICES OF DAVID L. KNAPPER            Main Document    Page 4 of 17

1st Finl Investment Fund
3091 Governors Lake Dive
Norcross, Georgia 30071

Progressive Management Systems
P.O. Box 2220
West Covina, California 91793-9917

Arizona Department of Revenue
Bankruptcy Unit, 7th Floor
1600 West Monroe
Phoenix, Arizona 85007

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 21126
Philadelphia, Pennsylvania 19114-0326

FURTHER AFFIANT SAYETH NAUGHT, by:

_____
David L. Knapper

SUBSCRIBED and SWORN TO before me this 25th day of February 2016, by David L. Knapper, by:

DONNA L STOCKDALE
Notary Public - Arizona
Maricopa County
My Comm. Expires May 16, 2016

_____
Notary Public

My Commission Expires:

May 16, 2016

FILED this 25th day of September 2015, by:

/s/ David L. Knapper

5

LAW OFFICES OF DAVID L. KNAPPER

# ATTACHMENT "A"

David L. Knapper
State Bar No. 010328
**LAW OFFICES OF DAVID L. KNAPPER**
1599 East Orangewood, Suite 125
Phoenix, Arizona 85020
Telephone: (602) 252-0809
Facsimile No: (602) 256-0432
E-Mail: dlk@knapperlaw.com

IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| In Re<br><br>DAVID PAUL PELCIC, JR. and COLLETTE NICOLE PELCIC,<br><br>Debtors.<br><br>PENSCO TRUST COMPANY FBO ALAN K. MEYERS IRA and WENDANN PROPERTIES LLC, a Delaware limited liability company,<br><br>Secured Creditors/Movants,<br><br>v.<br><br>DAVID PAUL PELCIC, JR. and COLLETTE NICOLE PELCIC,,<br><br>Respondents. | CHAPTER 11<br><br>CASE NO. 2:15-bk-06323-DPC<br><br>(Assigned to the Honorable Chief Judge Daniel P. Collins)<br><br><br><br>**STIPULATED ORDER**<br><br>(Re: Real Property Located at 20437 West White Rock Road, Buckeye, Arizona 85396<br>&<br>Motion For Relief From The Automatic Stay Filed At Case Docket #55) |

Secured Creditors/Movants PENSCO TRUST COMPANY FBO ALAN K. MEYERS IRA and WENDANN PROPERTIES LLC, a Delaware limited liability company (collectively "Movants"), and Debtors/Respondents DAVID PAUL PELCIC, JR. and COLLETTE NICOLE PELCIC (collectively "Debtors"), having jointly filed with the Bankruptcy Clerk of Court ("Clerk"), on February 24, 2016 in the above-captioned Chapter 11 ("case"), a pleading captioned: "Stipulation For Entry Of Stipulated Order" ("Stipulation"), as regards the real

property, together with the improvements thereon, located at 20437 West White Rock Road, Buckeye, Arizona 85396, whose assigned Maricopa County, Assessor's Tax Parcel Number is 502-81-187, and which is legally described as:

> LOT 315, VERRADO PARCEL 4.903, ACCORDING TO THE PLAT OF RECORD IN BOOK 734 OF MAPS, PAGE 32, AS RECORDED IN THE PUBLIC RECORDS OF MARICOPA COUNTY, ARIZONA

("Property") against which Movants hold a Deed of Trust and Assignment of Rents dated August 7, 2013 and recorded on August 14, 2013 at Recorder's No. 2013-0740213, Maricopa County, Arizona ("DOT"), and for good cause shown, specifically, the Stipulation and the terms of this Stipulated Order ("Order"), providing Debtors the conditional opportunity of maintaining ownership of the Property, IT IS HEREBY:

**ORDERED** approving the Stipulation. It is further

**ORDERED** that as regards the Property, the DOT, the power of sale created by the DOT and the indebtedness secured by the DOT, specifically, a Promissory Note pledged by DEBTORS dated August 7, 2013 in the original principal amount of $200,000.00 ("Note"), the 11 U.S.C. § 362(a) bankruptcy automatic stay is immediately and permanently terminated, so that Movants or their successor(s) and/or assign(s) may, but only if they are in full compliance with the terms of this Order, enforce the Note and DOT by means of causing to be conducted a Trustee's Sale of the Property ("Sale"); although no Sale is pending, and if a Sale is completed, whomever is or are the successful bidder(s) at the Sale may obtain exclusive possession and control of Property by evicting all occupants from Property, plus removing all their personal property from Property, in accordance with State law (collectively "Movants' Rights"), without the need for Movants obtaining any further Order(s) either from this Court or in any possible additional bankruptcies filed jointly or separately by or against Debtors or "Movants' Adversaries" as mentioned later in this Order. It is further

2

Case 2:15-bk-06323-DPC    Doc 129    Filed 02/25/16    Entered 02/25/16 23:10:09    Desc
LAW OFFICES OF DAVID L. KNAPPER            Main Document    Page 8 of 17

**ORDERED** that Rule 4001(a)(3), Federal Rules of Bankruptcy Procedure is waived. It is further

**ORDERED** that to the extent that the terms of this Order are inconsistent with any other Order previously or subsequently entered in this case, including without limitation a Plan Confirmation Order, then the terms of this Order shall control. It is further

**ORDERED** that all of the terms of the Note and DOT shall remain fully enforceable, except and unless any directly conflict with the terms of this Order, whereupon the terms of this Order shall replace and supersede only the directly conflicting term or terms of the Note and/or DOT. It is further

**ORDERED** that Debtors shall ensure that until such time as the indebtedness evidenced by the Note and DOT is fully paid-off, the Property shall remain insured against hazards, carrying policy limits of not less than $250,000.00, and with Movants or their successor(s) and/or assign(s) explicitly named as co-insureds and/or co-loss-payees (collectively "Required Insurance"). It is further

**ORDERED** that until such time as the indebtedness evidenced by the Note and DOT is fully paid-off, Debtors shall not convey by whatsoever means any interest of whatsoever kind in the Property to any third party, including without limitation, by their pledging a voluntary lien against the Property, nor shall Debtors delegate to any third party responsibility for paying the indebtedness evidenced by the Note or DOT. It is further

**ORDERED** that to partially cure the breaches of and/or defaults under the Note and DOT as committed by Debtors through the date the Stipulated Order was filed with the Clerk, Debtors shall ensure that Movants or their successor(s) and/or assign(s) are paid $10,585.90 ("Required Partial Reinstatement") by no later than October 18, 2016 ("Required Partial Reinstatement Deadline"), which Movants or their successor(s) and/or assign(s) shall accept whether tendered through installment payments or a single lump sum payment ("Required Partial Reinstatement Payment(s)"). It is further

**ORDERED** that commencing with the month of March 2016 through the month of August 2018, Debtors shall ensure that Movants or their successor(s) and/or assign(s) are timely and fully paid on the first (1st) day of each month all the regular monthly installment payments accruing in accordance with the Note, each in the amount of $2,677.45 ("Required Remaining Installment Payments"), plus all the monthly late fees that shall accrue on the twelfth (12th) calendar day of any month a regular monthly installment payment is not earlier paid, each in the amount of $440.43 ("Required Late Fee Payments"). It is further

**ORDERED** that if the Required Remaining Installment Payments are insufficient in amount to cover all account servicing fees, Debtors shall ensure that the parties' account servicing agent is timely and fully pay not later than the first (1st) day of the month all that said agent is owed ("Required Account Servicing Fee Payments"). It is further

**ORDERED** that if not sooner, on the stated maturity date of the Note, September 1, 2018 ("Stated Maturity Date"), Debtors shall fully pay-off the indebtedness evidenced by the Note and DOT ("Required Stated Maturity Date Payment"). It is further

**ORDERED** that: (i) Movants' are hereby awarded post-petition collection related expenses of $9,795.00 through the date this Order is entered with the Clerk; (ii) interest shall be accruing on this $9,795.00 commencing February 16, 2016 at the rate of twelve percent (12.00%) per annum; (iii) this $9,795.00, plus all accrued interest thereon, must be paid as part of that required to fully pay-off the Note and DOT, and (iv) this same $9,795.00, plus all accrued interest thereon, must be fully paid not later than the Stated Maturity Date ("Required Payment to Satisfy Movants' Awarded Post-Petition Collection Related Expenses"). It is further

**ORDERED** that time is of the absolute essence as regards the:

(a) Required Insurance;

(b) Required Partial Reinstatement Payment(s);

(c) Required Remaining Installment Payments;

4

(d) Required Late Fee Payments;

(e) Required Account Servicing Fee Payments;

(f) Required Stated Maturity Date Payment,

and

(g) Required Payment to Satisfy Movants' Awarded Post-Petition Collection Related Expenses

(collectively "Cumulative Obligations"). It is further

**ORDERED** the deadline(s) established by this Order for the Cumulative Obligations to be complied with shall be strictly enforced. It is further

**ORDERED** that except as otherwise agreed by Movants and Debtors in writing, under no circumstances whatsoever shall the Cumulative Obligations be extended. It is further

**ORDERED** that should any of the Cumulative Obligations, except for the Required Partial Reinstatement Payment(s), Required Stated Maturity Date Payment or Required Payment to Satisfy Movants' Awarded Post-Petition Collection Related Expenses, not be fully and timely complied with (an "Event of Default"), Movants or their successor(s) and/or assign(s) shall serve upon Debtors a written notice of the Event of Default ("Default Notice"), whereupon Debtors shall have ten (10) business days after the Default Notice has been served upon Debtors ("Cure Period") to ensure a full cure of the Event of Default is effectuated. It is further

**ORDERED** that any Default Notice must be e-mailed where noted below and mailed by postage pre-paid First Class mailings deposited with the United States Postal Service and addressed to:

    David Paul Pelcic, Jr
    Collette Nicole Pelcic
    20437 West White Rock Road
    Buckeye, Arizona 85396
    nicole@pelcic.com

5

and

        Thomas H. Allen
        Allen Maguire & Barnes, PLC
        1850 North Central Avenue
        Suite 1150
        Phoenix, Arizona 85004
        tallen@ambazlaw.com,

and if so e-mailed and mailed, the Default Notice shall be deemed served upon Debtors the same day it was e-mailed and mailed. It is further

**ORDERED** the Cure Period shall be strictly enforced. It is further

**ORDERED** that except as otherwise agreed by Movants and Debtors in writing, under no circumstances whatsoever shall the Cure Period be extended. It is further

**ORDERED** that an Event of Default shall not be deemed fully cured unless prior to the expiration of the Cure Period Movants or their successor(s) and/or assign(s) also receive a payment of $150.00 that they shall accept as full reimbursement for their attorney's fees incurred in preparing and serving a Default Notice. It is further

**ORDERED** that if a Default Notice is served upon Debtors, and thereafter, Debtors fail to ensure a full cure of the Event of Default is effectuated prior to the expiration of the Cure Period, then on the eleventh (11) business day after the foregoing Default Notice was served upon Debtors:

    (i)    Movants or their successor(s) and/or assign(s) may enforce Movants' Rights;

    (ii)    the Required Partial Reinstatement shall become immediately due and payable, meaning that Movants or their successor(s) and/or assign(s) shall no longer be required to accept the Required Partial Reinstatement Payment(s) nor wait through

6

the Required Partial Reinstatement Deadline before they may insist they be paid the Required Partial Reinstatement,

and

(iii) Movants or their successor(s) and/or assign(s) shall no longer be required to wait until the Required Stated Maturity Date before they may insist they be fully paid the Required Stated Maturity Date Payment, which shall include, without limitation, the Required Payment to Satisfy Movants' Awarded Post-Petition Collection Related Expenses.

It is further

**ORDERED** that if Movants do not receive the Required Partial Reinstatement Payment(s) on or before the Required Partial Reinstatement Deadline, again, October 18, 2016, or if Movant does not receive payment of that amount required to fully pay the Required Stated Maturity Date Payment, again, which shall include, without limitation, the Required Payment to Satisfy Movants' Awarded Post-Petition Collection Related Expenses, on or before the Stated Maturity Date, again, September 1, 2018, then without serving any Notice of Default upon Debtors, Movants or their successor(s) and/or assign(s) may enforce Movants' Rights. It is further

**ORDERED** that because: (a) any subsequent bankruptcy filed by Debtors would constitute the third (3rd) instance of their invoking an 11 U.S.C. § 362(a) automatic stay, and (b) by the Stipulation and this Order, Movants, for the benefit of both Debtors and their other creditors, have conditionally agreed to refrain from conducting a Sale, then as against Debtors, together with any and all other parties who by means of Debtors attempting to convey them a purported interest in the Property and/or delegate to them responsibility for paying the indebtedness evidenced by the Note and DOT (collectively "Movants' Adversaries"), Movants' Rights shall be "bankruptcy proof," as that term was utilized in *In re Elmwood*

7

Case 2:15-bk-06323-DPC    Doc 129    Filed 02/25/16    Entered 02/25/16 23:10:09    Desc
LAW OFFICES OF DAVID L. KNAPPER
Main Document    Page 13 of 17

*Development Co.*, 964 F.2d 508 (5th Cir. 1992) ("*Elmwood*"), both in the context of this case, and if such is subsequently converted to another Chapter under the Bankruptcy Code, upon conversion too, and also, in any and all possible additional bankruptcies filed by Debtors or Movants' Adversaries, and whether jointly or separately. It is further

**ORDERED** that accordingly, even following the closing or dismissal of this case, all the provisions of this Order shall survive, remain in full force and effect and continue to legally bind Debtors and Movants' Adversaries. It is further

**ORDERED** that this Order constitutes not only a "bankruptcy proof" Order, but also, an "in rem" Order, thereby meaning that any bankruptcies involving the Property filed jointly or separately by Debtors or Movants' Adversaries shall not stay Movants or their successor(s) and/or assign(s) from enforcing Movants' Rights. It is further

**ORDERED** that consistent with *Elmwood*, Debtors have acknowledged and agreed that as regards Movants or their successor(s) and/or assign(s), but no other creditor(s), it would be bad faith on either Debtors' or Movants' Adversaries' part to utilize any bankruptcy, whether initiated in their own names or in the name of another, such as Movants' Adversaries, in an attempt to avail himself, herself, itself or themselves the protections afforded by the Bankruptcy Code, and thereby thwart Movants or their successor(s) and/or assign(s) from enforcing Movants' Rights. It is further

**ORDERED** that also consistent with *Elmwood*, Debtors have knowingly, voluntarily and exclusively assumed all the risks and consequences of the possible failure to fully and timely comply with, honor, meet or otherwise perform each and all of the Cumulative Obligations (collectively "Risks & Consequences"). It is further

**ORDERED** that also consistent with *Elmwood*, Debtors have acknowledged and agreed that each of the Risks & Consequences are foreseeable, and that there shall not exist changed circumstances justifying the filing of another Petition under any Chapter of the Bankruptcy Code, whether filed jointly or separately by Debtors or Movants' Adversaries that might

8

otherwise thwart Movants or their successor(s) and/or assign(s) from enforcing any or all of Movants' Rights. It is further

ORDERED that until the indebtedness evidenced by the Note and DOT is fully paid-off, no party, other than Debtors, shall be considered the owner of the Property; any claims asserted by anyone to the contrary shall be null and void, with the purpose of these adjudications designed to ensure that no party who by means of Debtors attempting to convey them a purported interest in the Property and/or who Debtors may attempt to delegate responsibility for paying the indebtedness evidenced by the Note and DOT, may avoid the spirit and intent of this Order, which again, grants Movants and their successor(s) and/or assign(s) "bankruptcy proof" and "in rem" rights and remedies. It is further

ORDERED that Debtors and Movants' Adversaries shall not be entitled to any Rule 60, Fed. R. Civ. P., nor 11 U.S.C. § 105 relief of whatsoever kind to vacate, waive or otherwise modify the terms of this Order. It is further

ORDERED that either Movants, Movants' successor(s) and/or assign(s) or Debtors may petition this Court to assist them in enforcing and/or interpreting this Order, and if this case is subsequently dismissed, they may cause this case to be reopened for the limited purpose of enforcing this Order. It is further

ORDERED that one of the purposes of the immediately preceding paragraph is to ensure Movants or their successor(s) and/or assign(s) that if this case is subsequently dismissed, no 11 U.S.C. § 362(a) automatic stay shall arise upon any other bankruptcy being filed jointly or separately by Debtors or Movants' Adversaries preventing Movants or their successor(s) and/or assign(s) from enforcing Movants' Rights, such that it shall not be necessary for Movants or their successor(s) and/or assign(s) to file a Lift Stay Motion requesting relief from the 11 U.S.C. § 362(a) automatic stay in any other bankruptcy nor secure the entry of a Lift Stay Order with the Clerk. It is further

9

Case 2:15-bk-06323-DPC    Doc 129    Filed 02/25/16    Entered 02/25/16 23:10:09    Desc
LAW OFFICES OF DAVID L. KNAPPER
Main Document    Page 15 of 17

**ORDERED** that Movants or their successor(s) and/or assign(s) are obligated to vote in favor of any Plan of Reorganization submitted by Debtors not inconsistent with the terms of this Order. It is further

**ORDERED** that all the provisions of this Order shall survive, and remain in full force and effect, even if this case is subsequently converted to another Chapter of the Bankruptcy Code. It is further

**ORDERED** that this Order shall both legally bind and enure to the benefit of Movants' successor(s) and/or assign(s). It is further

**ORDERED** that after this Order is entered with the Clerk, Movants shall promptly serve same upon Debtors by the same means as earlier stated in this Order. It is further

**ORDERED** vacating, as now rendered moot, all Hearings relating to Movants' Motion For Relief From The Automatic Stay filed at Case Docket #55. Lastly, it is

**ORDERED** that after this Order is entered with the Clerk, Movants may cause a certified copy of such to be recorded with the Maricopa County, Arizona Recorder, so as to provide all third parties, including without limitation, Movants' Adversaries, with notice of the terms of this Order, and how, among other things, Movants' Rights are "bankruptcy proof," and are thereby guaranteed by the terms of this "in rem" Order.

DATED this _____ day of _____ 2016, by:

_____
CHIEF JUDGE DANIEL P. COLLINS

| | |
|---|---|
| 1 | COPIES of the foregoing e-mailed |
| 2 | where noted in the pleading |
| 3 | mentioned below and mailed |
| 4 | this 25th day of February 2016, to: |
| 5 | |
| 5 | All necessary parties as evidenced |
| 6 | by the pleading captioned: |
| 7 | "Certificate of Service" to be filed |
| 8 | in this case on even date herewith |
| 9 | |
| 10 | /s/ David L. Knapper |

LAW OFFICES OF DAVID L. KNAPPER